[Cite as *State v. Owens*, 2014-Ohio-2275.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 100398 and 100399**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONOVAN OWENS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-571326 and CR-13-572136-A

**BEFORE:** Blackmon, J., Keough, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 29, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

Cullen Sweeney
Assistant   Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Daniel A. Cleary
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Donovan Owens appeals his guilty plea and assigns the following error for our review:

Appellant's guilty plea was not knowingly, intelligently, or voluntarily entered when the trial court failed to address the sentencing implications of the firearm specifications during its plea colloquy.

{¶2} Having reviewed the record and pertinent law, we affirm Owens's convictions. The apposite facts follow.

{¶3} Owens was indicted in two separate cases. On February 4, 2013, the Cuyahoga County Grand Jury indicted Owens in Case No. CR-13-571326 for two counts of drug possession and two counts of drug trafficking. On March 5, 2013, the Cuyahoga County Grand Jury indicted Owens in Case No. CR-13-572136-A for one count each for murder, involuntary manslaughter, felonious assault and discharging a firearm on or near a prohibited premises, all with one-and three-year firearm specifications. He was also indicted in the second case for drug trafficking with a schoolyard specification and tampering with evidence.

{¶4} On August 5, 2013, Owens pleaded guilty in both cases. In CR-13-571326, Owens pleaded guilty to one count each for drug possession and possession of criminal tools. In CR-13-572136-A, he pleaded guilty to one count each for involuntary manslaughter with the accompanying one- and three-year firearm specifications, and tampering with evidence. He also pleaded guilty to one count of drug trafficking with the accompanying schoolyard specification.

**{¶5}** On August 15, 2013, the trial court sentenced Owens in CR-13-571326 to two years in prison for drug possession and 12 months for the possession of criminal tools to be served concurrently. In CR-13-572136-A, the trial court sentenced Owens to seven years for the involuntary manslaughter with an additional three years for the firearm specification. He was sentenced to 12 months each on the tampering with evidence and drug trafficking charges. With the exception of the firearm specification, the convictions were ordered served concurrently with each other and concurrently with the sentence in CR-13-571326. Thus, the trial court sentenced him to a total of ten years in prison.

### Guilty Plea

**{¶6}** In his sole assigned error, Owens argues that his guilty plea was not voluntarily, knowingly, or intelligently entered because the trial court failed to explain to him the maximum penalty. Specifically, he argues that the trial court failed to explain the amount of time he could serve on the firearm specifications, that the firearm specifications carried a mandatory prison time, and that the specifications had to be served consecutively.

**{¶7}** Under Crim.R. 11(C)(2), before accepting a guilty plea, a trial court must address the defendant personally and determine that he is making the plea voluntarily "with understanding of the nature of the charges and the maximum penalty involved." A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. Regarding the nonconstitutional notifications required by Crim.R.

11(C)(2)(a) and 11(C)(2)(b), substantial compliance is sufficient. *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). Advising a defendant of the maximum sentence has been determined to be a nonconstitutional right. *State v. McKissic*, 8th Dist. Cuyahoga Nos. 92332 and 92333, 2010-Ohio-62, ¶ 13, citing *State v. Stewart*, 51 Ohio St.3d 86, 93, 364 N.E.2d 1163 (1977). We, therefore, review the matter for substantial compliance.

{¶8} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959 (4th Dist.1995).

{¶9} In the instant case, the trial court failed to advise Owens regarding the terms that would be imposed for the firearm specifications. However, prior to the court taking the plea, the prosecutor outlined the plea deal and stated as follows regarding the involuntary manslaughter count with the firearm specifications:

> On this case, your Honor, count 2, the involuntary manslaughter is a felony of the first degree. It carries with it a possible prison sentence of 3 to 11 years in yearly increments. The firearm specifications that are attached to it, the one-and three-year firearm specifications, obviously one-year will merge into three-year. That three-year firearm specification must be served prior to and consecutive with any underlying sentence that this Court gives this defendant. So basically, your Honor, that makes this count 2 a minimum sentence of six to 12 years, up to a maximum of 14 years.

Tr. 166-167. After the prosecutor finished explaining the plea deal, Owens and his counsel both stated that the prosecutor explained the plea and sentence correctly.

> COURT: Thank you. Mr. Morgan, on behalf of your client, has the prosecutor correctly stated all of the terms and conditions of the pleas in these two cases?
>
> MR. MORGAN: Yes, Judge.
>
> THE COURT: Mr. Owens, you've heard from the prosecutor, you've heard from your attorney. Do you understand the plea that's being proposed here today?
>
> DEFENDANT: Yes, I do.

Tr. 173.

{¶10} Although it is better practice for the trial court to advise the defendant of the maximum sentence, we have found substantial compliance when the prosecutor has done so instead. *See State v. McKissic*, 8th Dist. Cuyahoga Nos. 92332 and 92333, 2010-Ohio-62, ¶ 17; *State v. Sims*, 8th Dist. Cuyahoga No. 95979, 2011-Ohio-4819, ¶ 33-34; *State v. Chaney*, 8th Dist. Cuyahoga No. 97872, 2012-Ohio-4933. Here, although the trial court failed to include the firearm specifications when discussing the maximum sentence, the prosecutor set forth the correct maximum sentence, including the firearm specifications. Owen's attorney stated that the prosecutor correctly set forth the terms and conditions of the plea, and Owen stated he understood the plea as explained by the prosecutor and his attorney. Reviewing the matter under the totality of the circumstances, as we are required to do, we conclude that Owen subjectively understood the terms and conditions of his plea.

**{¶11}** Owens cites to this court's decisions in *State v. Douglas*, 8th Dist. Cuyahoga No. 87952, 2007-Ohio-714, and *State v. Williams*, 65 Ohio App.3d 70, 582 N.E.2d 1044 (8th Dist.1989), to support his argument that the trial court's failure to advise on the firearm specifications invalidated his plea. However, in those cases, there is no evidence that the prosecutor explained the firearm specifications on the record. Therefore, the firearm specifications were never explained to the defendant. Additionally, unlike the defendants in *Douglas* and *Williams*, Owens stated on the record that he understood the plea as set forth by the prosecutor, which explanation included the firearm specifications.

**{¶12}** Further, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the plea colloquy are at issue. *Veney* at ¶ 17. The test for prejudice is whether the plea would have otherwise been made. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. Here, the trial court informed Owens that the maximum sentence on the manslaughter charge would be 11 years instead of the correct sentence of 14 years. However, even including the three-year firearm specification, Owens was sentenced to 10 years in prison, which is less than the maximum that was incorrectly stated by the trial court and less than the correct maximum time of 14 years. Thus, Owens was not prejudiced by the trial court's failure to include the firearm specification in discussing the maximum sentence for the involuntary manslaughter charge. Accordingly, Owens's sole assigned error is overruled.

**{¶13}** Judgment is affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.  Case remanded to the Cuyahoga County Common Pleas Court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,   JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY EILEEN KILBANE,   J., CONCUR