[Cite as *State v. Evans*, 2014-Ohio-3584.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100151**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTWON EVANS

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-562497-A

**BEFORE:** Keough, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** August 21, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: John T. Martin
Assistant Cuyahoga County Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Stephanie Anderson
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Antwon Evans, appeals his guilty plea and sentence. For the reasons that follow, we affirm, but remand for the trial court to issue a new sentencing journal entry, nunc pro tunc, incorporating its findings pursuant to R.C. 2929.14(C)(4).

{¶2} In 2012, Evans was charged with one count each of attempted murder and having weapons while under disability, and two counts of felonious assault. The charges stemmed from Evans's role in a shooting outside the Luxe Lounge in Maple Heights, Ohio. In March 2013, Evans pleaded guilty to one count of felonious assault, with the attendant notice of prior conviction and three-year firearm specification, and the count of having weapons while under disability as charged in the indictment. The state agreed to nolle the attempted murder and other felonious assault charges in exchange for Evans's guilty plea. The trial court found that the offenses were not allied, and ordered Evans to serve consecutive sentences for each offense for a total of 11 years.

{¶3} Evans now appeals, raising four assignments of error, which will be addressed out of order.

I. Plea — Postrelease Control Advisement

{¶4} In his first assignment of error, Evans contends that the trial court failed to advise him about postrelease control during the plea colloquy, thus causing the plea to be legally deficient.

{¶5} Before accepting a guilty plea, a trial court is bound by the requirements of Crim.R. 11(C)(2). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 27. Crim.R. 11(C)(2)(a) requires a trial court to inform a criminal defendant of the maximum penalty for the offense to which he is pleading guilty. The trial court must also provide the defendant information pertaining to postrelease control during the plea hearing. *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 44, citing *Woods v. Telb*, 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103, paragraph two of the syllabus. In cases involving a mandatory period of postrelease control, the postrelease control is part "of the maximum penalty involved in an offense for which a prison term will be imposed." *State v. Perry*, 8th Dist. Cuyahoga No. 82085, 2003-Ohio-6344, ¶ 10, citing *State v. Jones*, 8th Dist. Cuyahoga No. 77657, 2001 Ohio App. LEXIS 2330 (May 24, 2001). Advising a defendant about the maximum sentence has been determined to be a nonconstitutional right. *State v. Owens*, 8th Dist. Cuyahoga Nos. 100398 and 100399, 2014-Ohio-2275, ¶ 7, citing *State v. McKissic*, 8th Dist. Cuyahoga Nos. 92332 and 92333, 2010-Ohio-62, ¶ 13. Substantial compliance with Crim.R. 11 is sufficient when advising a defendant about nonconstitutional rights. *Clark* at ¶ 30.

{¶6} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of

rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959 (4th Dist.1995).

**{¶7}** In this case, the trial court did not advise Evans regarding the mandatory term of postrelease control; rather, the prosecutor, when setting forth the plea to the court, stated that "probation or postrelease control would be a five-year mandatory postrelease [sic] control at sentence." (Tr. 6.) Both Evans and his counsel agreed that the prosecutor's recitation of the plea agreement was also their understanding of the plea. (Tr. 6-7.)

**{¶8}** While we recognize that the prosecutor, not the trial judge, advised Evans of the mandatory period of postrelease control, this court has consistently held that absent a showing of prejudice, the court has substantially complied with Crim.R. 11 in these instances. *See Owens*, 8th Dist. Cuyahoga Nos. 100398 and 100399, 2014-Ohio-2275; *McKissic*, 8th Dist. Cuyahoga Nos. 92332 and 92333, 2010-Ohio-62, ¶ 17; *State v. Sims*, 8th Dist. Cuyahoga No. 95979, 2011-Ohio-4819, ¶ 33-34; *State v. Chaney*, 8th Dist. Cuyahoga No. 97872, 2012-Ohio-4933. *But see State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224 (when a trial court fails to inform a defendant of the mandatory term of postrelease control, which is part of the maximum penalty, the court does not meet the requirements of Crim.R. 11 and prejudice need not be shown).

**{¶9}** To reiterate, it is the best practice for the trial judge to advise the defendant of the maximum sentence, including postrelease control. Crim.R. 11 specifically requires the trial court to personally address the defendant and advise the defendant of his

constitutional and nonconstitutional rights prior to accepting a guilty plea. Deviating from Crim.R. 11 makes an appearance that the trial court is abdicating its duties to the prosecutor when accepting a defendant's guilty plea.

{¶10} However, in this case, and like the other cases cited above, Evans has not demonstrated how he was prejudiced by the trial judge's failure to advise him about postrelease control when he agreed that the prosecutor correctly set forth the plea agreement, including the mandatory five-year period of postrelease control. Substantial compliance with Crim.R. 11 has been shown. Accordingly, Evans's first assignment of error is overruled.

## II. Allied Offenses — Effect of a Notice of Prior Conviction

{¶11} In his fourth assignment of error, Evans contends that because Count 2 (felonious assault) contained a notice-of-prior-conviction specification, it is allied with Count 4 (having weapons while under disability).

{¶12} The question as to whether crimes are allied offenses arises from the Double Jeopardy Clause of the Fifth Amendment, which protects individuals from multiple punishments for the same offense or conduct. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The Ohio legislature has codified this protection in R.C. 2941.25.

{¶13} In *State v. Nagel*, 84 Ohio St.3d 280, 286, 703 N.E.2d 773 (1999), the Ohio Supreme Court stated that "a specification is, by its very nature, ancillary to, and

completely dependent upon, the existence of the underlying criminal charge or charges to which the specification is attached."

{¶14} A specification that merely enhances the penalty for a crime is not an element of the offense. *State v. Allen*, 29 Ohio St.3d 53, 506 N.E.2d 199 (1987); *see also State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 8, *State v. Raymond*, 10th Dist. Franklin No. 08AP-78, 2008-Ohio-6814. Because a notice of prior conviction is not a separate offense, but is instead a sentencing provision, the specification cannot be an allied offense. *State v. Loines*, 20 Ohio App.3d 69, 72-73, 484 N.E.2d 727 (8th Dist.1984).

{¶15} In this case, the notice-of-prior-conviction specification attached to the charge of felonious assault, whereas the charge of having a weapon while under disability was a separate offense. As this court previously stated,

> [the] animus of having a weapon under disability is making a conscious choice to possess a weapon. [The defendant] necessarily acquired the guns sometime prior to committing the other crimes. The fact that he then used the weapons to commit the other crimes does not absolve [the defendant] of the criminal liability that arises solely from his decision to illegally possess the weapons.

*State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723, ¶ 39; *see also State v. West*, 8th Dist. Cuyahoga No. 98274, 2013-Ohio-487, ¶ 43-45.

{¶16} Much like in *Cowan*, Evans's decision to possess the weapon prior to actually using it involved a separate and distinct animus; thus felonious assault and having a weapon while under disability were not allied offenses. The notice of prior

conviction specification attendant to the charge of felonious assault is irrelevant for merger purposes.

{¶17} Accordingly, the fourth assignment of error is overruled.

### III. Sentencing — Minimum Sanctions

{¶18} R.C. 2929.11 provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." The sentence imposed shall also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶19} In determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11, the sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12, and additionally may consider any other factors relevant to achieving those purposes and principles of sentencing. R.C. 2929.12(A). "R.C. 2929.11 and 2929.12 are not fact-finding statutes, and consideration of the appropriate factors can be presumed unless the defendant affirmatively shows to the contrary." *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13; *State v. Conner*, 8th Dist. Cuyahoga No. 99557, 2014-Ohio-601, ¶ 119.

{¶20} In his third assignment of error, Evans contends that the trial court failed to consider whether its sentence utilized the minimum sanctions necessary to accomplish the goals of sentencing without unnecessarily burdening governmental resources. Evans's general assertion on appeal that "the court did not take this legal requirement into account," fails to affirmatively show that the trial court failed to consider the factors. Moreover, a review of the sentencing transcript reveals that the trial court considered the goals of sentencing "without imposing unnecessary burdens on governmental resources." (Tr. 38-40.)

{¶21} Accordingly, Evans's third assigned error is overruled.

### IV. Consecutive Sentences

{¶22} In his second assignment of error, Evans contends that the trial court erred by imposing consecutive sentences when it failed to make the findings required by R.C. 2929.14(C)(4).

{¶23} We review consecutive sentences using the standard of review set forth in R.C. 2953.08. *State v. Nia,* 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 14, citing *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, (8th Dist.) (holding that the standard of review set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, is no longer valid in light of the enactment of H.B. 86 and the "revival" of statutory findings necessary for imposing consecutive sentences).

{¶24} R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the sentence is "otherwise contrary to law";

or (2) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4). *Venes* at ¶ 11; R.C. 2953.08(G)(2).

**{¶25}** The presumption in Ohio is that sentencing is to run concurrent, unless the trial court makes the required findings for consecutive sentences set forth in R.C. 2929.14(C)(4). *State v. Wells*, 8th Dist. Cuyahoga No. 98428, 2013-Ohio-1179, ¶ 11; R.C. 2929.14(A).

**{¶26}** Under current R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender." Next, the court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find that one of the following factors applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under postrelease control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C).

**{¶27}** Compliance with this statute "'requires separate and distinct findings in addition to any findings relating to [the] purposes and goals of criminal sentencing.'" *Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 19, quoting *Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 17, (8th Dist.), citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252. The failure to make these findings is "contrary to law." *Id.* at ¶ 12.

**{¶28}** In this case, a review of the record reveals that the trial court complied with the requirements of R.C. 2929.14(C)(4) by making separate and distinct findings prior to imposing consecutive sentences. At the hearing, the trial court stated,

> And I'm [imposing consecutive sentences] because I think the second — I think the consecutive sentences fits in this case because of the serious criminal violent nature, and that that's needed to sentence you consecutively because of these events and because of your background.
>
> Having a prior weapons with a disability justifies the punishment for a consecutive purpose, and this was needed to protect the public from future crimes. And this will not demean the seriousness of these offenses by putting these on a consecutive basis, so I think I have found the necessary requirements and reasons for the consecutive sentences * * * .

**{¶29}** We find that the trial court made the requisite findings pursuant to R.C. 2929.14(C)(4) prior to imposing consecutive sentences. The trial court stated that consecutive sentences were "needed to protect the public from future crimes," thus, satisfying the first finding. Next, the trial court satisfied this disproportionate finding by stating "consecutive sentences fits in this case because of the serious criminal violent nature, and that that's needed to sentence you consecutively because of these events and because of your background." Finally, R.C. 2929.14(C)(4)(c) was satisfied when the

court stated that "[h]aving a prior weapons with a disability justifies the punishment for consecutive purposes * * * [a]nd this will not demean the seriousness of these offenses by putting these on a consecutive basis."  The record supports the trial court's findings.

{¶30} Although the trial court did not use the exact language in R.C. 2929.14(C)(4), the Ohio Supreme Court has recently held that a court is not "required to give a talismanic incantation of the words in the statute" to satisfy its obligation to make its findings.  *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177, ¶ 37; *see also State v. Gibson*, 8th Dist. Cuyahoga No. 98725, 2013-Ohio-4372.  " [A] word-for-word recitation of the language of the statute is not required, as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentencing should be upheld."  *Id*. at ¶ 29.  A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria.  *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

{¶31} In this case, we can discern from the record that the trial court's findings were sufficient to satisfy the requirements of R.C. 2929.14(C)(4).  Accordingly, Evans's second assignment of error is overruled.  However, in light of the Ohio Supreme Court's recent opinion in *Bonnell*, the matter is remanded to the trial court for the court to issue a new sentencing journal entry, nunc pro tunc, to incorporate in the journal entry the statutory findings the trial court made at sentencing.  *See Bonnell* at syllabus.

**{¶32}** Judgment affirmed; remanded for issuance of nunc pro tunc sentencing journal entry.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
TIM McCORMACK, J., CONCUR