[Cite as *State v. Nelson*, 2016-Ohio-5131.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 102671 and 102672

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PEDRO F. NELSON

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-580784-B and CR-14-584735-A

**BEFORE:** Keough, J., Jones, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 28, 2016

**ATTORNEYS FOR APPELLANT**

Michael B. Telep
4438 Pearl Road
Cleveland, Ohio 44109

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Patrick J. Lavelle
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} In these consolidated appeals, defendant-appellant, Pedro F. Nelson, appeals from the trial court's judgment, rendered after a guilty plea, finding him guilty of drug trafficking and drug possession, and sentencing him to four years in prison. Nelson contends that his guilty plea should be vacated because it was not knowingly, voluntarily, and intelligently made, and that the journal entry of sentencing does not reflect what actually happened at the sentencing hearing. We affirm Nelson's convictions but remand the matter to the trial court to correct nunc pro tunc the journal entry of conviction to accurately reflect the sentence imposed by the court at the sentencing hearing.

## I. Background

{¶2} Nelson was charged in two cases with drug offenses. In Cuyahoga C.P. No. CR-13-580784-B, he was indicted on three counts. Count 1 charged drug trafficking in violation of R.C. 2925.03(A)(2), with a major drug offender specification and forfeiture specifications. Count 2 charged drug possession in violation of R.C. 2925.11(A), with a major drug offender specification and forfeiture specifications, and Count 3 charged possessing criminal tools in violation of R.C. 2923.24(A), with forfeiture specifications. In Cuyahoga C.P. No. CR-14-584735-B, Nelson was charged with drug possession in violation of R.C. 2925.11(A).

{¶3} Nelson subsequently pleaded guilty in CR-13-580784 to Count 1 as amended to trafficking, a felony of the first degree, with forfeiture specifications.

Counts 2 and 3, and the major drug offender specification in Count 1 were nolled. In CR-14-584735, Nelson pleaded guilty to drug possession as charged, a felony of the fifth degree.

{¶4} At the sentencing hearing, the trial court sentenced Nelson to the agreed-upon four-year sentence in CR-13-580784, and ordered that he pay a mandatory $10,000 fine, and forfeit three cell phones, a scale, $3,536 in cash, packing material, and personal papers. In CR-14-584735, the trial court sentenced Nelson to six months incarceration, to be served concurrently with the sentence in CR-13-580784. The subsequent journal entry of sentencing, however, sentenced Nelson to 12 months incarceration in CR-14-584735.

{¶5} This appeal followed.

## II. Law and Analysis

A. Variance Between What Was Announced at Sentencing and the Journal Entry

{¶6} In his first assignment of error, Nelson contends that the trial court erred because the journal entry of sentencing differs from the sentence announced at the sentencing hearing. Specifically, Nelson asserts that at the sentencing hearing, the trial court announced a sentence of six months incarceration in CR-14-584735, to be served concurrently with the four-year term in CR-13-580784, but then imposed a sentence of 12 months incarceration in its journal entry of sentencing.

{¶7} We agree. The sentencing transcript reflects that the trial court sentenced Nelson to six months incarceration in CR-14-584735, to be served concurrently with the

four-year term in CR-13-580784. The court's journal entry does not accurately reflect what happened at sentencing, however, and instead imposes a 12-month term of incarceration. The state concedes the error.

{¶8} Under Crim.R. 36, clerical mistakes in judgments, orders, or other parts of the record may be corrected by the court at any time. The error in the journal entry is obviously a clerical error that may be corrected nunc pro tunc. Accordingly, we remand for the trial court to issue a nunc pro tunc order of sentencing that reflects the six-month sentence in CR-14-584735, to be served concurrently with the sentence in CR-13-580784, that was imposed at sentencing. *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 10 (a nunc pro tunc entry may be used to correct a sentencing entry to reflect the sentence a trial court imposed upon a defendant at a sentencing hearing).

{¶9} The first assignment of error is sustained.

B.     The Guilty Plea

{¶10} When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). In his second assignment of error, Nelson contends that his plea should be vacated because it was not knowingly, voluntarily, and intelligently made.

{¶11} Crim.R. 11(C)(2) governs the acceptance of guilty pleas in felony cases. Under Crim.R. 11(C)(2), in a felony case, a trial court shall not accept a guilty plea

without first addressing the defendant personally and (1) determining that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty involved, (2) informing the defendant of and determining that the defendant understands the effect of the guilty plea and that the court, upon accepting the plea, may proceed with judgment and sentence, and (3) informing the defendant and determining that the defendant understands that by the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself.

{¶12} A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights, which means that the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. For nonconstitutional rights, we review for substantial compliance with the rule. *Id.* at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977). Substantial compliance means that under the totality of the circumstances the defendant understands the implications of his plea and the rights he is waiving. *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979).

{¶13} Nelson concedes that the trial court properly advised him of the constitutional rights he would be waiving by pleading guilty, but asserts with respect to

nonconstitutional rights that the trial court did not adequately inquire whether he had any mental handicaps or whether he was under the influence of any substances that would affect his ability to comprehend the plea. Specifically, Nelson contends that when he told the judge that he had only completed the tenth grade, the trial court should have inquired further to determine whether his failure to complete high school was due to any mental deficiency. He also asserts that because this case involved drug trafficking and possession, the trial court should have inquired more diligently regarding whether he was under the influence of any drugs at the time of the plea. Nelson's arguments are without merit.

{¶14} In considering whether a plea was knowingly, intelligently, and voluntarily made, "an appellate court examines the totality of the circumstances through a de novo review of the record." *State v. McClendon*, 8th Dist. Cuyahoga No. 103202, 2016-Ohio-2630, ¶ 19. Here, there is nothing whatsoever in the record to suggest that Nelson suffered from a mental handicap or that he was under the influence of any substances when he entered into the plea. No one raised an issue as to Nelson's competence to enter a guilty plea or requested a mental health or substance evaluation at or prior to the plea hearing. In fact, when the judge specifically inquired at the plea hearing whether there was a need for substance abuse or mental health assessments, only Nelson's co-defendant asked for a substance abuse evaluation.

{¶15} A trial court may determine that a defendant understands his plea "by considering the surrounding circumstances such as the dialogue between the court and the

defendant and the defendant's demeanor." *State v. McDowell*, 8th Dist. Cuyahoga No. 70799, 1997 Ohio App. LEXIS 113, *4 (Jan. 16, 1997). Our review of the record demonstrates that Nelson acted appropriately throughout the hearing and gave appropriate responses to the questions the trial judge asked of him. His conduct and answers at the plea hearing demonstrate that he fully understood the implications of his plea and the nature of the rights he was waiving by pleading guilty. Accordingly, we find that the trial court substantially complied with its Crim.R. 11(C)(2) duties regarding the nonconstitutional rights Nelson waived by pleading guilty.

**{¶16}** Moreover, even if the trial court does not substantially comply, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 18. The test for prejudice is whether the plea would have otherwise been made. *State v. Owens*, 8th Dist. Cuyahoga Nos. 100398 and 100399, 2014-Ohio-2275, ¶ 12, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32.

**{¶17}** Nelson has failed to demonstrate any prejudice. He does not argue that he would not have pleaded guilty if the court had made further inquiry about his mental state or whether he was under the influence of drugs, nor did he ever try to withdraw his plea. Without any showing of prejudice, his claim necessarily fails. The second assignment of error is therefore overruled.

**{¶18}** Judgment affirmed and remanded.

It is ordered that the parties share equally costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., A.J., and
MELODY J. STEWART, J., CONCUR