**[Cite as *State v. Moore*, 2017-Ohio-8483.]**

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No.   105240

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEANDRE MOORE

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-543092-A

**BEFORE:**  Boyle, J., Kilbane, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**  November 9, 2017

**ATTORNEY FOR APPELLANT**

R. Brian Moriarty
55 Public Square, 21st Floor
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Brian Radigan
           Anthony Thomas Miranda
Assistant County Prosecutors
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Deandre Moore, appeals his conviction, raising two assignments of error for our review:

> I. The mandatory transfer/bindover of defendant-appellant violated his right to due process and equal protection.
>
> II. The trial court failed to comply with the mandates of Criminal Rule 11.

{¶2} Finding no merit to his appeal, we affirm.

## I. Procedural History and Factual Background

{¶3} On August 11, 2010, Hong Zheng and Bingrong Zheng, husband and wife, were delivering food to a private residence in Cleveland, Ohio. As the Zhengs parked their car, Moore and his cousin approached and fired multiple gunshots into the vehicle. The shots hit both Mr. and Mrs. Zheng, killing Mr. Zheng and breaking Mrs. Zheng's arm.

{¶4} On October 29, 2010, Moore, a juvenile, was subject to mandatory bindover to the Cuyahoga County Grand Jury for several counts, including two counts of aggravated murder, four counts of aggravated robbery, one count of attempted murder, and two counts of felonious assault. After initially pleading not guilty to those counts, Moore agreed to enter a guilty plea to murder with a firearm specification, and the state agreed to nolle the remaining counts.[1]

---

[1] The state mistakenly charged Moore with a felony murder specification for his counts of aggravated murder. Realizing its error, the state requested that the trial court dismiss the specification for those counts at a pretrial hearing on February 8, 2011. As a result, the plea bargain

**{¶5}** At the plea hearing, the state recited the amended charge and the potential penalty for the charge and its accompanying firearm specification. Moore and his counsel confirmed that they agreed with and understood the state's explanation. Subsequently, the court engaged in a Crim.R. 11 colloquy with Moore, explaining the constitutional rights that he was waiving by pleading guilty. Moore then pleaded guilty to the murder charge with the firearm specification, the trial court found that Moore knowingly, intelligently, and voluntarily made the plea, and Moore's counsel stated that she was satisfied that the trial court complied with Crim.R. 11.

**{¶6}** At the sentencing hearing, the trial court imposed an indefinite prison term of 15 years to life for Moore's murder charge and a consecutive and prior to mandatory three-year prison term for the firearm specification.

**{¶7}** Moore subsequently appealed, contesting the validity of both the mandatory transfer of his case to the General Division of the Cuyahoga County Common Pleas Court and his plea.

## II. Mandatory Bindover

**{¶8}** In his first assignment of error, Moore argues that he was entitled to an amenability hearing before the juvenile court judge prior to his case's transfer to the Cuyahoga County Common Pleas Court under the Ohio Supreme Court's 2016 decision in *State v. Aalim,* 150 Ohio St.3d 463, 2016-Ohio-8278 ("*Aalim I*"). At the time it filed its brief, the state argued that *Aalim I* was stayed pending reconsideration, and

did not include that specification.

Moore could not rely on that case for a reversal and remand.[2]

{¶9} In *Aalim I*, written by Justice Lanzinger, the Ohio Supreme Court held that the mandatory transfer of juveniles to adult court without a discretionary determination by the juvenile court at an amenability hearing violated juveniles' due process rights. *Aalim I* at ¶ 28. In reaching that conclusion, the court explained that "juvenile courts 'occupy a unique place in our legal system'" and were created to "promot[e] social welfare and eschew[] traditional, objective criminal standards and retributive notions of justice." *Id.* at ¶ 16, quoting *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177. Noting that "[s]ince its origin, the juvenile justice system has emphasized individual assessment, the best interest of the child, treatment, and rehabilitation, with a goal of reintegrating juveniles back into society[,]" the court agreed with Aalim that "juvenile court judges are in the best position to evaluate each juvenile's suitability for juvenile or adult court," and they "must be allowed the discretion that the General Assembly permits[,]" including the ability "to distinguish between those children who should be treated as adults and those who should not." *Id.* at ¶ 20, 25. Considering the juvenile justice system's unique purposes and juveniles' special status within the criminal justice system, the court held that "[a]ll children are entitled to fundamental fairness in the procedures by which they may be transferred out of juvenile court for criminal

---

[2] Moore filed his brief on March 27, 2017, and the state filed its brief on May 18, 2017, which was before the Ohio Supreme Court released *Aalim II*, 150 Ohio St.3d 489, 2017-Ohio-2956 ("*Aalim II*"), on May 25, 2017. On October 2, 2017, the state filed a notice of supplemental authority, notifying this court of *Aalim II* in support of its brief.

prosecution, and an amenability hearing * * * is required to satisfy that fundamental fairness." *Id.* at ¶ 26.

{¶10} Nevertheless, as noted by the state's notice of supplemental authority, the Ohio Supreme Court reconsidered *Aalim I* in *Aalim II*. The reconsidered majority opinion, written by Justice Kennedy, rejected *Aalim I*'s holding and found that the mandatory-bindover procedures for juveniles, which do not require a juvenile judge's discretionary review at an amenability hearing, comply with due process and equal protection standards. *Id.* at ¶ 27, 37. In its reconsidered opinion rejecting Aalim's due process argument, the court stated, "The General Assembly determines the jurisdiction of the juvenile court[,]" and "has determined that [under] R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b), juvenile offenders of a certain age charged with aggravated murder, murder, certain serious felonies committed after a prior delinquency adjudication [or] * * * with a firearm shall be bound over to adult court." *Id.* at ¶ 26. Noting that "Aalim had a hearing before a juvenile-division judge to determine Aalim's age at the time of the alleged offense and whether there was probable cause to believe that he had committed the conduct alleged[,]" the court concluded that the mandatory bindover procedures "satisfied the requirements of 'fundamental fairness[.]'" *Id.* at ¶ 27.[3]

{¶11} Moore argues that his due process and equal protection rights were violated because he was not afforded an amenability hearing at the juvenile court level. Based on

---

[3] In *Aalim II,* the court also rejected Aalim's arguments that the mandatory bindover procedures violated his substantive and equal protection rights. *See id.* at ¶ 17-21, 28-37.

the Ohio Supreme Court's reconsideration of *Aalim I* and holding in *Aalim II,* however, Moore's first assignment of error lacks a legal foundation on which to stand, and we therefore find that his argument lacks merit.

{¶12} Moore's first assignment of error is overruled.

## III. Crim.R. 11

{¶13} In his second assignment of error, Moore argues that his guilty plea was not knowingly, intelligently, or voluntarily entered because the trial court did not explain the nature of the charges, the maximum penalties involved, his ineligibility for probation, or the effects of his plea. In response, the state argues that the court substantially complied with Crim.R. 11. We agree with the state, finding that the trial court substantially complied with Crim.R. 11.

{¶14} We review whether the trial court accepted Moore's plea in compliance with Crim.R. 11(C) de novo. *State v. Tutt*, 8th Dist. Cuyahoga No. 102687, 2015-Ohio-5145, ¶ 13, citing *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606. A defendant must enter into a plea knowingly, intelligently, and voluntarily for it to be constitutional under the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996), citing *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). To ensure the constitutionality of pleas, Crim.R. 11(C) sets forth specific procedures that trial courts must follow when accepting guilty pleas, covering the waiver of constitutional rights and the explanation of nonconstitutional rights. *See State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990) ("Ohio Crim.R. 11(C) was

adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review.").

**{¶15}** Before a defendant waives his constitutional rights, "'a trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial [sic], his right to confront his accusers, and his right of compulsory process of witnesses.'" *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 12, quoting *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981). "When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus.

**{¶16}** A trial court must also make findings and disclosures concerning a defendant's nonconstitutional rights. Specifically, a trial court must

> [d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing [and] [i]nform[] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

Crim.R. 11(C)(2)(a) and (b). A trial court must only substantially comply with Crim.R. 11's requirements when advising a defendant of his nonconstitutional rights. *Veney* at ¶ 14. "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Mitchell*, 8th Dist. Cuyahoga No. 103364, 2016-Ohio-4956, ¶ 10,

quoting *Nero*. "'If it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance.'" *Id.*, quoting *State v. Caplinger*, 105 Ohio App.3d 567, 664 N.E.2d 959 (4th Dist.1995).

{¶17} In addition to showing noncompliance, "a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the plea colloquy are at issue." *State v. Owens*, 8th Dist. Cuyahoga Nos. 100398 and 100399, 2014-Ohio-2275, ¶ 12, citing *Veney*. To establish prejudice, a defendant must show that, had the trial court substantially complied with Crim.R. 11(C)'s requirements, he would not have entered into the plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32, citing *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

### A. Nature of the Charge

{¶18} Moore first argues that his plea was not knowingly, intelligently, or voluntarily made because the trial court failed to explain the nature of the charge to him. Because the right to be informed of the nature of the charges is a nonconstitutional right, we review the proceedings for substantial compliance. *See State v. Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244, ¶ 8, citing *State v. Johnson*, 8th Dist. Cuyahoga No. 91567, 2009-Ohio-3088.

{¶19} A trial court may "ascertain whether a defendant comprehends the nature of the charges and the consequences of a guilty plea through an oral dialogue with the

defendant" or "from conversations between the defendant and his attorney." *State v. Sample*, 8th Dist. Cuyahoga No. 81357, 2003-Ohio-2756, ¶ 8, citing *State v. Caudill*, 48 Ohio St.2d 342, 358 N.E.2d 601 (1976); *State v. Swift*, 86 Ohio App.3d 407, 621 N.E.2d 513 (11th Dist.1993). However, under Crim.R. 11(C)(2)(a)'s plain language, a trial court is under no duty to actually explain the nature of the charges against him. Instead, a trial court must simply *determine* that the defendant is voluntarily entering the plea with the understanding of the nature of the charges against him. Therefore, contrary to Moore's assertion, the trial court did not violate Crim.R. 11(C)(2)(a) by failing to actually inform or discuss with Moore the nature of his murder charge.

{¶20} Further, the record shows that Moore was advised of the nature of the charges multiple times throughout the plea hearing. At the beginning of the plea hearing, the prosecutor explained the plea agreement, identifying that Moore was pleading guilty to murder with a firearm specification. Moore's trial counsel repeated the plea agreement, once again indicating that Moore would plead to murder. The trial court then asked Moore a number of questions concerning his age and level of education, whether he was under the influence of drugs or alcohol, and whether he understood the constitutional rights that he was waiving. After Moore appropriately responded to each question, the trial court asked,

> How do you plead to the charge of murder in violation of Ohio Revised Code Section 2903.02, which states on or about August 11, 2010, you did purposely cause the death of another, in this case Hong V. Zhang and further that you had a firearm on or about your person or under your control while committing the offense and displayed the firearm, brandished the firearm or indicated that you possessed the firearm or used it to facilitate the

offense?

In response, Moore pleaded guilty.

{¶21}   Because the totality of the circumstances shows that Moore understood the charge, the trial court had no obligation to inquire or explain further.   *See Johnson,* 8th Dist. Cuyahoga No. 91567, 2009-Ohio-3088*,* at ¶ 8 ("This court has held that 'courts are not required to explain the elements of each offense, or even to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges.'").   Moore fails to specify how the court neglected to meet the substantial compliance standard in light of the evidence from the record or, even more, how this alleged failure prejudiced him. Therefore, we find that the trial court substantially complied with its duty to inform Moore of the nature of the charge against him.

### B. Maximum Penalty

{¶22} Next, Moore argues that the trial court failed to advise him of the maximum penalty that he faced for his murder charge.   The state argues that even if the court failed to notify Moore of the maximum penalty, he did not suffer prejudice.   We agree with the state's position.

{¶23} The right to be advised of the maximum penalties that a defendant faces is a nonconstitutional right, and therefore, we review the record for substantial compliance. *Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244*,* at ¶ 8, citing *Johnson*.

**{¶24}** We have recognized that absent a showing of prejudice, a court substantially complies with Crim.R. 11 even when the prosecutor, not the trial court, explains the maximum sentence. *State v. Owens*, 8th Dist. Cuyahoga Nos. 100398 and 100399, 2014-Ohio-2275, ¶ 10. Nevertheless,

> [t]o reiterate, it is the best practice for the trial judge to advise the defendant of the maximum sentence, including postrelease control. Crim.R. 11 specifically requires the trial court to personally address the defendant and advise the defendant of his constitutional and nonconstitutional rights prior to accepting a guilty plea. Deviating from Crim.R. 11 makes an appearance that the trial court is abdicating its duties to the prosecutor when accepting a defendant's guilty plea.

*State v. Evans*, 8th Dist. Cuyahoga No. 100151, 2014-Ohio-3584, ¶ 9.

**{¶25}** In the instant case, Moore pleaded guilty to murder, which is punishable by an indefinite prison term of 15 years to life pursuant to R.C. 2929.02, and an accompanying firearm specification, which is punishable by a mandatory three-year prison term pursuant to R.C. 2941.145.[4] At the plea hearing, the prosecutor, not the court, explained this penalty, stating,

> [I]t's my understanding the defendant would be pleading guilty to a three-year firearm specification. That being said, he would plead guilty to murder, which carries with it the possibility of 15 years to life in prison as well as the three-year firearm specification, which would be served prior to and consecutive to the sentence on the murder count.

When asked by the trial court, Moore stated that he understood the prosecutor's

---

[4] R.C. 2929.02(B)(1), captioned "Murder penalties," states, "[W]hoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." R.C. 2941.145, the firearm specification statute, imposes a three-year mandatory prison term upon an offender when the offender had or controlled a firearm while committing the offense and used the firearm to commit the offense.

statements. The trial court then specifically addressed Moore, explaining the constitutional rights he was waiving by entering into a guilty plea. At the conclusion of the hearing, the court found that Moore knowingly, intelligently, and voluntarily made his plea, and Moore's attorney stated to the court that she was satisfied that the court complied with Crim.R. 11.

{¶26} While we are mindful of the trial court's failure to personally address Moore concerning the maximum penalty he faced — especially considering it would be the trial court, not the prosecutor, actually determining Moore's sentence, we agree with the state that to establish a violation of Crim.R. 11, a defendant needs to show prejudice, or in other words, that he would not have otherwise entered the plea. *Owens* at ¶ 12, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462. Moore's failure to make even the slightest showing of prejudice leads us to conclude that his argument concerning the maximum penalty fails. *See Evans* at ¶ 8, citing *Owens* ("While we recognize that the prosecutor, not the trial judge, advised Evans of the mandatory period of postrelease control, this court has consistently held that absent a showing of prejudice, the court has substantially complied with Crim.R. 11 in these instances."); *State v. Chaney*, 8th Dist. Cuyahoga No. 97872, 2012-Ohio-4933; *State v. Sims*, 8th Dist. Cuyahoga No. 95979, 2011-Ohio-4819; and *State v. McKissic,* 8th Dist. Cuyahoga Nos. 92332 and 92333, 2010-Ohio-62. Based on the prosecutor's explanation of the maximum penalty, Moore's affirmation that he understood that explanation, and the statements made by Moore's counsel, we find no evidence of prejudice. Therefore,

like the above cited cases, we find that the trial court substantially complied with Crim.R. 11.

**C. Ineligibility for Community Control Sanctions**

{¶27} Also in support of his second assignment of error, Moore argues that he did not knowingly, intelligently, or voluntarily enter into his plea because the trial court failed to inform him that he was not eligible for probation, which is known as "community control sanctions." Again, the state argues that even if the trial court failed to directly address Moore's ineligibility for community control sanctions, he did not suffer any prejudice. This argument concerns a nonconstitutional right, and we therefore review the trial court's actions for substantial compliance. *Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244, ¶ 8, citing *Johnson,* 8th Dist. Cuyahoga No. 91567, 2009-Ohio-3088.

{¶28} Moore incorrectly suggests that the trial court had an obligation to inform him that he was not eligible for community control sanctions. "Although the judge must specifically determine whether a defendant understands that he is not eligible for probation, the rule does not require him to personally inform a defendant of this fact in every circumstance." *State v. Davis*, 8th Dist. Cuyahoga No. 76085, 2000 Ohio App. LEXIS 4044, *12-13 (Sept. 7, 2000). In *State v. Rembert*, 8th Dist. Cuyahoga No. 99707, 2014-Ohio-300, a case nearly identical to the instant one, the appellant argued that the trial court's failure to inform him that he was not eligible for community control sanctions rendered his plea to aggravated murder and aggravated robbery invalid.

Considering that the appellant pleaded to aggravated murder, we found that his claim of prejudice after not being informed of his ineligibility for community control "simply defie[d] logic." *Id.* at ¶ 23. We concluded that because the trial court properly informed the appellant of the maximum penalties he faced, "[t]he omission of the superfluous advisement that he would not be eligible for community control for his aggravated murder offense does not render his plea unknowing or involuntary." *Id.*; *see also State v. Stewart,* 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977) (finding that the appellant's plea "was voluntarily made, with the knowledge and understanding by the defendant that he had been promised neither 'a lighter sentence, or probation[.]'").

{¶29} This case is no different. Moore pleaded guilty to murder, carrying with it a sentence of 15 years to life imprisonment, with a mandatory three-year firearm specification. There is no evidence that Moore was promised community control for his plea, and any internal hope by Moore that he would be entitled to community control in return for his plea would have simply defied logic. Based on the discussion between the prosecutor, Moore, and the trial court, the record shows that the trial court determined that Moore entered into his plea with the understanding that he was not eligible for community control sanctions. Therefore, we find that the trial court substantially complied with its obligations under Crim.R. 11(C)(2)(a).

### D. Effects of Plea

{¶30} Finally, Moore argues the trial court failed to comply with Crim.R. 11(C)(2)(b) because it did not inform him of the effects of his plea. In response, the

state argues that even if the court failed to directly notify Moore of the effects of his plea, it still substantially complied with Crim.R. 11 because Moore was actually notified of the effects. Moore's final argument also concerns a nonconstitutional right and, therefore, we review for substantial compliance. *Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244*, ¶ 8, citing *Johnson,* 8th Dist. Cuyahoga No. 91567, 2009-Ohio-3088.

**{¶31}** The Ohio Supreme Court has held that a trial court must inform a defendant that a plea of guilty is a complete admission of guilt, as stated in Crim.R. 11(B).[5] *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 25. In *State v. Giovanni*, 7th Dist. Mahoning No. 07 MA 60, 2008-Ohio-2924, the appellant argued that his plea was invalid because the court failed to advise him of the effects of his plea. At the plea hearing, the court informed the appellant "that by entering his guilty plea he was 'admitting' he was 'involved with' corruption of a minor[.]" *Id.* at ¶ 48. The court found that the trial court's explanation was "not necessarily a straightforward admission of guilt and that the trial court "may have erred in failing to clearly advise" the appellant under Crim.R. 11(B). *Id.* Nevertheless, the court found that the appellant failed to allege in any resulting prejudice as the appellant "must have been aware that his plea was a complete admission of guilt." *Id.* As a result, the court overruled his assignment of error. *Id.*

---

[5]Crim.R. 11(B), captioned "Effect of guilty or no contest pleas," states that a "plea of guilty is a complete admission of the defendant's guilt."

{¶32} In *Jones*, the Ohio Supreme Court considered a similar situation, where the appellant argued that the trial court failed to inform him of the effects of his guilty plea to domestic violence. While the Ohio Supreme Court found that the trial court failed to include Crim.R. 11(B)'s language in its colloquy with the appellant, it rejected the appellant's assignment of error because it found that he did not suffer prejudice. *Id.* at ¶ 54. The Ohio Supreme Court found that because the appellant failed to assert his innocence at the time of the plea, he was "presumed to understand that a plea of guilty is a complete admission of guilt." *Id.*; *see also State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19 ("[A] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilt plea as required by Crim.R. 11 is presumed not to be prejudicial."). As a result, the court found that, under the totality of the circumstances, the appellant was not prejudiced by the trial court's failure under Crim.R. 11.

{¶33} Here, during the plea hearing, the trial court asked, "Do you understand if you plead guilty, you are waiving your trial rights and obviously you are admitting the truth of the charge to which you are pleading?" Moore responded, "Yes, sir," and subsequently pleaded guilty after the trial court recited the facts underlying his charge and asked for his plea. While not the precise language in Crim.R. 11(B), the trial court's question was a much more straightforward advisement than that in *Giovanni*, and Moore's affirmation shows that he understood he was admitting his guilt to the murder

charge.

{¶34} Further, Moore did not assert his actual innocence at the plea hearing, and like *Jones*, he is presumed to have understood that his guilty plea was a complete admission of guilt. Moore offers no support to contest that presumption or to show that he would not have entered into the guilty plea had the court precisely informed him that his plea was a complete admission of his guilt. Therefore, he suffered no prejudice as a result of the trial court's failure to state the appropriate language under Crim.R. 11(B).

{¶35} Moore's second assignment of error is overruled.

{¶36} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR