[Cite as *State v. Jones*, 2018-Ohio-847.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105719

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**LEONTAE JONES**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-598485-A

**BEFORE:** Boyle, P.J., Blackmon, J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 8, 2018

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue, Suite 800
Cleveland, Ohio  44113

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:  Carl Mazzone
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio  44113

MARY J. BOYLE, P.J.:

**{¶1}** Defendant-appellant, Leontae Jones, appeals from a judgment convicting him of

robbery.   He raises two assignments of error for our review:

> 1. The trial court erred by ordering Appellant to pay costs when it did not properly comply with the statute.
>
> 2. The court costs imposed at the sentencing hearing infringes upon Appellant's rights under the Eighth and Fourteenth amendments to the United States Constitution, R.C. 2929.18, R.C. 2929.19(b)(5), R.C. 2947.14, and related sections of the Ohio Constitution.

**{¶2}** We find no merit to either of these arguments and affirm the judgment of the trial

court.

**I. Procedural History**

**{¶3}** Jones and three codefendants were indicted in August 2015 on six counts related

to a robbery of an auto parts store.   In April 2016, Jones withdrew his former plea of not guilty

and pleaded guilty to robbery in violation of R.C. 2911.02(A)(1), a second-degree felony, with a

one-year firearm specification.

{¶4}    The trial court sentenced Jones to one year in prison for the firearm specification to be served prior to and consecutive to three years for robbery, for a total of four years in prison. The trial court also notified Jones that he would be subject to a mandatory term of three years of postrelease control upon his release from prison. The trial court did not impose a fine, but did impose court costs at the sentencing hearing and in the judgment entry. It is from this judgment that Jones now appeals, challenging the trial court's imposition of court costs.

{¶5}    In both of his assignments of error, Jones raises issues related to the trial court's order that he pay court costs or perform community service in lieu of court costs. As we indicated, the trial court in this case imposed costs at the sentencing hearing. It stated that it was not imposing any fines, but it was imposing court costs. It then stated that Jones could "do court community work service in order to satisfy those costs." In the sentencing entry, it stated: "The defendant is ordered to pay cash or perform CCWS in lieu of paying costs[.]"

{¶6}    A review of the record reveals that Jones did not move to waive the payment of court costs at his sentencing hearing nor did he object to the court's imposition of court costs at his sentencing hearing.

> [A]n indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata.

*State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. Jones has therefore waived all arguments related to court costs except for plain error.

{¶7}    "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "Plain error exists only if 'but for the error, the outcome of the trial clearly would have been otherwise, and is applied under

exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978).

## II.   R.C. 2947.23

{¶8}   In his first assignment of error, Jones raises two issues with respect to costs. First, he claims that under the plain language of the statute, "an argument can be made" that costs should only be imposed if a trial court imposes "something other than a residential sanction." He maintains that because he went to prison, costs should not have been imposed at all.

{¶9}   The imposition of court costs is governed by R.C. 2947.23, which states in relevant part: "In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs."   Thus, a sentencing court must include the costs of prosecution in the sentence and render a judgment against the defendant for costs, even if the defendant is indigent.   *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. "A defendant's financial status is irrelevant to the imposition of court costs."   *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3.

{¶10} Jones claims, however, that the language in R.C. 2947.23: "[i]f the judge or magistrate imposes a community control sanction or other nonresidential sanction," means that a trial court should only impose court costs *if* it does not impose prison.   Jones therefore contends that because he went to prison, the trial court should not have imposed costs.   We disagree.

{¶11} R.C. 2947.23(A)(1)(a) states in relevant part:

> In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. *If the judge or magistrate imposes a community*

*control sanction or other nonresidential sanction*, the judge or magistrate, when imposing the sanction, shall notify the defendant of both of the following:

(i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(ii) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

(Emphasis added.)

**{¶12}** The language italicized above (that Jones is referring to) merely describes what notifications a trial court must give to a defendant if the trial court imposes community control sanctions instead of prison. Here, because the trial court imposed prison, it was not required to give these notifications. Thus, Jones's argument, while a novel one, is wholly without merit.

**{¶13}** Jones also argues in his first assignment of error that the trial court could not impose community work service because it sentenced him to prison, which "is not the 'community.'" We disagree.

**{¶14}** Jones will be in prison for four years. R.C. 5145.16 provides that "[t]he department of rehabilitation and correction shall establish work programs in some form of labor for as many prisoners as possible who are in the custody of the department[.]" Inmates receive compensation for their services, which is placed in their personal institutional accounts. *See* Ohio Adm.Code 5120-3-05 and 5120-3-08. Ohio Adm.Code 5120-5-03(D) authorizes the garnishment of an inmate's account to satisfy the inmate's obligations to the court as long as the account retains $25 for inmate expenditures. *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 70, *discretionary appeal not allowed*, 144 Ohio St.3d 1460,

2016-Ohio-172, 44 N.E.3d 289. In *Duhamel*, we explained:

> "[C]osts are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system." [*Threatt*], 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15, quoting *Strattman v. Studt*, 20 Ohio St.2d 95, 102, 253 N.E.2d 749 (1969). "Although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *Id.* Thus, the purpose of Ohio Adm.Code 5120-5-03 is the collection of a valid judgment to relieve the burden taxpayers would have to pay as a result of the convict's criminal actions.

*Id.* at ¶ 71.

**{¶15}** Furthermore, R.C. 5120.133(A) permits the Department of Rehabilitation and Correction to deduct payments toward a certified judgment from a prisoner's account without any other required proceeding in aid of execution. The Ohio Supreme Court explained that this provision "is merely one method of collection against defendants who are incarcerated (and therefore are most likely indigent)." *Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, at ¶ 13; *see also State v. Hicks*, 8th Dist. Cuyahoga No. 105083, 2017-Ohio-8312 (upheld the trial court's imposition of court costs when trial court stated that "although you're indigent, I think the community work service is a good thing for you to do since you're going to do 17 years in prison"); *State v. Brock*, 8th Dist. Cuyahoga No. 104334, 2017-Ohio-97 (upheld the trial court's imposition of court costs for indigent defendant when trial court told the defendant that he would have the opportunity to pay the court costs by doing community service work in prison).

**{¶16}** Accordingly, Jones's first assignment of error is overruled.

## III. Ability to Pay

**{¶17}** In his second assignment of error, Jones maintains that the trial court's imposition of court costs violated his Eighth Amendment rights because it failed to consider his ability to pay. Jones's entire argument, however, is premised on law that a court must consider a

defendant's ability to pay a financial sanction, not court courts.

{¶18} Jones cites R.C. 2929.19(B)(5) in support of his argument, which provides: "Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." In *State v. Dawson,* 8th Dist. Cuyahoga No. 104509, 2017-Ohio-965, this court rejected this exact argument, stating:

> Dawson cites R.C. 2929.19(B) for the proposition that the trial court was required to consider his present and future ability to pay the court costs imposed, and therefore, must consider evidence on that issue. However, court costs are not financial sanctions. Accordingly, R.C. 2929.19 has no application to the imposition of court costs. A trial court need not consider a defendant's ability to pay, as required by R.C. 2929.19 for the imposition of financial sanctions, before imposing court costs. *State v. Stevens*, 8th Dist. Cuyahoga No. 95011, 2011-Ohio-729, ¶ 11. *See also State v. Fuller*, 2d Dist. Montgomery No. 25380, 2013-Ohio-3274, ¶ 19.

*Dawson* at ¶ 42.

{¶19} Jones further claims that under *State v. Hauser*, 8th Dist. Cuyahoga No. 103880, 2016-Ohio-7710, the trial court erred by failing to consider his ability to pay court costs. Jones quotes black letter law from *Hauser* where this court stated, "'There are no express factors that must be taken into consideration nor specific findings that must be made by the court on the record, but there must be some evidence in the record that the trial court considered the defendant's ability to pay.'" *Id*. at ¶ 26, quoting *State v. Schneider*, 8th Dist. Cuyahoga No. 96953, 2012-Ohio-1740. Notably, however, the defendant in *Hauser* argued that "the trial court abused its discretion in imposing *fines* as part of his sentence." (Emphasis added.) *Id*. at ¶ 25. We found merit to Hauser's argument, concluding that "the court committed plain error in failing to consider his present and future ability to pay his fines as required under R.C. 2929.19(B)(5)." Thus, *Hauser* is distinguishable from the present case because it dealt with

financial sanctions.   Again, court costs are not financial sanctions.   *Dawson* at ¶ 42.

**{¶20}** Finally, Jones argues that this court should apply R.C. 2947.14, entitled "Hearing on Ability to Pay Fine," to this case and find that the trial court erred when it imposed costs without determining whether he had the ability to pay such costs.   This provision, however, as its title suggests, applies to the trial court's determination of a defendant's ability to pay a fine, not costs.

**{¶21}** Thus, we find no merit to Jones's second assignment of error and overrule it.

**{¶22}** We note, however, that there are no longer limits on when a defendant can move for waiver of court costs.   *State v. Beasley*, Slip Opinion 2018-Ohio-493, ¶ 265, citing R.C. 2947.23(C).   Under R.C. 2947.23(C), "the court retains jurisdiction to waive, suspend, or modify the payment of costs of prosecution * * * at the time of sentencing, or at any time thereafter."   Therefore, Jones may move for waiver of the payment of court costs at any time.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
KATHLEEN ANN KEOUGH, J., CONCUR