[Cite as *State v. Mincik*, 2020-Ohio-1385.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108625 |
| v. | : | |
| DAVID A. MINCIK, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 9, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-633404-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Marcus Henry, Assistant Prosecuting Attorney, *for appellee.*

Thomas A. Rein, *for appellant.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant David A. Mincik ("Mincik") appeals from his conviction and sentence following a guilty plea. For the reasons that follow, we affirm.

**Procedural and Substantive History**

{¶ 2} On November 1, 2018, the Cuyahoga County Grand Jury indicted Mincik on four counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) with sexually violent predator specifications, two counts of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(3) with furthermore clauses, and three counts of rape in violation of R.C. 2907.02(A)(1)(b) with furthermore clauses and sexually violent predator specifications.

{¶ 3} On March 26, 2019, Mincik pleaded guilty to two amended counts of gross sexual imposition with the sexually violent predator specifications deleted, an amended count of attempted rape with a sexually violent predator specification, and one count of disseminating matter harmful to juveniles. The remaining counts and specifications were nolled.

{¶ 4} The court referred Mincik to the probation department for preparation of a presentence-investigation report ("PSI"). On May 6, 2019, the court held a sentencing hearing. The court heard from the prosecutor, defense counsel, Mincik, and the victims' sister. Further, the court stated that it reviewed the sentencing memorandum, victim-impact statements, and PSI. Finally, the court stated that it considered the principles and purposes of felony sentencing. The court sentenced Mincik to five years on each count of gross sexual imposition and 18 months on the count of disseminating matter harmful to juveniles, to run concurrent. The court also sentenced Mincik to eight years on the count of

attempted rape, to run consecutive, for a total sentence of 13 years with five years of mandatory postrelease control. The court also imposed court costs on Mincik.

{¶ 5} Mincik appeals, presenting three assignments of error for our review.

**Law and Analysis**

**I. Guilty Plea**

{¶ 6} In his first assignment of error, Mincik argues that his guilty plea was not knowingly, intelligently, or voluntarily entered because the trial court failed to inform him of the maximum potential penalties he faced. Specifically, Mincik argues that the trial court failed to inform him that he was subject to five years of mandatory postrelease control.

{¶ 7} The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 8} In order to ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

With respect to the nonconstitutional aspects of Crim.R. 11(C), including an understanding of the nature of the charges and the maximum penalty involved, the trial court must substantially comply with the rule. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14.

{¶ 9} Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implication of his plea and the rights he is waiving. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). In cases involving a mandatory period of postrelease control, the postrelease control is part of the maximum penalty involved. *State v. Perry*, 8th Dist. Cuyahoga No. 82085, 2003-Ohio-6344, ¶ 10. Therefore, we review for substantial compliance.

{¶ 10} Here, it is undisputed that the trial court made no reference to mandatory postrelease control when it was outlining the maximum potential penalties Mincik faced at the plea hearing. The prosecutor, however, properly advised Mincik regarding mandatory postrelease control when it outlined the terms of his plea agreement. Defense counsel subsequently confirmed that the prosecutor's recitation of the plea was accurate.

{¶ 11} We are mindful that it is the best practice for the trial court to advise the defendant of the maximum sentence he or she faces, including postrelease control. Crim.R. 11 outlines a trial court's duties and specifically requires the court to address the defendant and advise the defendant of his or her constitutional and nonconstitutional rights prior to accepting a guilty plea, and deviating from the rule creates "an appearance that the trial court is abdicating its duties to the prosecutor when accepting a defendant's guilty plea." *State v. Evans*, 8th Dist. Cuyahoga No. 100151, 2014-Ohio-3584, ¶ 9.

{¶ 12} Although the trial court in this case strayed from this best practice, this court has consistently found substantial compliance where a defendant is advised of nonconstitutional rights by a prosecutor of defense counsel and has failed to show prejudice. *Id.*, citing *State v. Owens*, 8th Dist. Cuyahoga Nos. 100398 and 100399, 2014-Ohio-2275; *State v. McKissic*, 8th Dist. Cuyahoga Nos. 92332 and 92333, 2010-Ohio-62, ¶ 17; *State v. Sims*, 8th Dist. Cuyahoga No. 95979, 2011-Ohio-4819, ¶ 33-34; *State v. Chaney*, 8th Dist. Cuyahoga No. 97872, 2012-Ohio-4933.

**{¶ 13}** Mincik argues that he is not required to show prejudice because the court failed to comply at all with Crim.R. 11. We disagree. Crim.R. 11(C)(2)(a) requires that the trial court "determine" that the defendant has an "understanding of the nature of the charges and of the maximum penalty involved." While other parts of the rule, including Crim.R. 11(C)(2)(b) and (c), clearly place a burden on the court to inform the defendant of certain rights, the plain language of the rule creates no such burden with respect to the maximum potential penalty. In addition, our review of the record shows nothing that would indicate Mincik was prejudiced when he was advised of postrelease control by the state and not the trial court. Because we conclude that the trial court substantially complied with Crim.R. 11 and Mincik has failed to demonstrate prejudice, we overrule his first assignment of error.

## II. Consecutive Sentences

**{¶ 14}** In his second assignment of error, Mincik argues that the trial court erred by ordering him to serve consecutive sentences without making the required findings pursuant to R.C. 2929.14.

**{¶ 15}** Pursuant to R.C. 2953.08, a reviewing court may overturn the imposition of consecutive sentences where it clearly and convincingly finds that the trial court failed to make the required findings under R.C. 2929.14(C)(4), or that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4), or the sentence is otherwise contrary to law.

**{¶ 16}** R.C. 2929.14(C)(4) requires a sentencing court to make certain findings before imposing consecutive sentences. First, the trial court must find that

consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). The court must also find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Finally, the court must find any one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). Beyond making these findings on the record, the court must also incorporate the findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 1.

{¶ 17} A trial court is not required to recite the statutory language exactly, but it must be clear from the record that the court actually made the findings required by statute. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 14, 17 (8th Dist.).

{¶ 18} Here, the trial court stated that consecutive sentences were necessary to protect the community and to punish the offender and were not disproportionate

to the seriousness of the offender's conduct. The court also found that Mincik pleaded guilty to multiple acts over a period of several years, and these acts created serious harm. Finally, the court stated that consecutive sentences were necessary because the harm was so great or unusual that a single term would not adequately reflect the seriousness of Mincik's conduct. These findings satisfied the requirements of R.C. 2929.14. It is clear from the record that the court made the required findings under R.C. 2929.14. Therefore, Mincik's second assignment of error is overruled.

### III. Court Costs

{¶ 19} In his third assignment of error, Mincik argues that the imposition of court costs infringed upon his due process rights. Specifically, Mincik argues that because the court had previously found him indigent, the court should not have imposed a financial sanction in the form of court costs. We disagree.

{¶ 20} R.C. 2947.23(A)(1)(a) provides that in all criminal cases, the judge "shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." In ordering a defendant to pay court costs, the court is not required to consider the defendant's ability to pay. *State v. Jones*, 8th Dist. Cuyahoga No. 105719, 2018-Ohio-847, ¶ 19.

{¶ 21} Mincik submits that court costs are a financial sanction, and therefore, the court was required to consider his ability to pay. Pursuant to R.C. 2929.19(B)(5), a court is required to consider a defendant's ability to pay before

imposing a financial sanction, such as restitution.  This court has consistently held that court costs, however, are not such a financial sanction that imposes a similar burden on trial courts.  *Id.*, citing *State v. Dawson*, 2017-Ohio-965, 86 N.E.3d 672, ¶ 42 (8th Dist.).  Therefore, we overrule Mincik's third assignment of error.

**{¶ 22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's convictions having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

EILEEN T. GALLAGHER, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR