[Cite as *State v. Donaldson*, 2020-Ohio-3591.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 108778

    v.                                      :

MONTREA DONALDSON,                      :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 2, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-626435-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Paul A. Kuzmins, Assistant Public Defender, *for appellant.*

EILEEN T. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant, Montrea Donaldson, appeals the denial of his request to waive court costs and claims the following error:

The trial court erred in assessing court costs when the parties agreed that the appellant was indigent.

**{¶ 2}** We find no merit to the appeal and affirm.

## I. Facts and Procedural History

**{¶ 3}** Donaldson was charged in a 96-count indictment alleging his involvement in a criminal enterprise aimed at stealing money from local attorney IOLTA accounts, insurance companies, and local businesses. Following several months of pretrials and the exchange of discovery, Donaldson pleaded guilty to eight counts of forgery, seven counts of money laundering, two counts of telecommunications fraud, one count of theft, and one count of engaging in a pattern of corrupt activity. The trial court sentenced Donaldson to an aggregate seven-year prison term and five years of postrelease control. The trial court also ordered Donaldson to pay restitution in the amount of $69,549.31 and court costs.

**{¶ 4}** With respect to court costs, the trial court indicated that it had reviewed the record and the presentence investigation report, which contained evidence regarding Donaldson's present and future ability to pay any financial sanctions. Defense counsel requested a waiver of court costs, arguing that any money Donaldson earns should be used to pay the victims rather than court costs. (Tr. 117.) The prosecutor agreed he would prefer Donaldson's money go to the victims, but deferred the imposition of court costs to the trial court's discretion. Based on the record, the presentence investigation and the statements of counsel, the trial court ordered Donaldson to pay court costs and ordered that "restitution be

paid in advance of costs, fines, or fees." (Tr. 118.) Having found that Donaldson was indigent, the court appointed appellate counsel at the state's expense. This appeal followed.

## II. Law and Analysis

{¶ 5} In the sole assignment of error, Donaldson argues the trial court erred in requiring him to pay court costs when the parties agreed he was indigent.

{¶ 6} R.C. 2947.23(A)(1) governs the imposition of court costs and provides, in relevant part, that "[i]n all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." Thus, a sentencing court must include in the sentence the costs of prosecution and render a judgment against the defendant for costs, even if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.

{¶ 7} A trial court nevertheless has discretion to waive court costs if the defendant is indigent. *State v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014-Ohio-4841, ¶ 9. And, the discretion to waive court costs includes the discretion not to waive them. *Id.*

{¶ 8} Despite Donaldson's statements to the contrary, the record does not reflect that the state agreed to a finding that Donaldson was indigent. Rather, the prosecutor stated on the record that he did not believe it was necessary for the state to recover the cost of investigating and prosecuting its case against Donaldson. (Tr. 88.) The prosecutor was referring to one of the financial sanctions listed in

R.C. 2923.32(B)(2), which include recover for "costs of investigation and prosecution" as defined by R.C. 2923.31(B).[1] The costs associated with investigating and prosecuting corrupt activity under R.C. 2923.32(B) are different from the court costs authorized under R.C. 2947.23(C). Costs imposed under R.C. 2923.32(B)(2) are financial sanctions; court costs are not. *State v. Davis*, 8th Dist. Cuyahoga No. 104574, 2018-Ohio-1147, ¶ 58 (court costs imposed under R.C. 2947.23 are not financial sanctions).

{¶ 9} Unlike fines and other financial sanctions, a trial court is not required to consider a defendant's present or future ability to pay court costs. *Davis* at ¶ 58; *State v. Jones*, 8th Dist. Cuyahoga No. 105719, 2018-Ohio-847, ¶ 18. Therefore, the fact that Donaldson was indigent at the time of the sentencing hearing was irrelevant to the court's decision requiring Donaldson to pay court costs.

{¶ 10} Nevertheless, Donaldson contends that even if the trial court has discretion to impose court costs on an indigent defendant, the trial court abused its discretion by imposing court costs on him since, in addition to being indigent, Donaldson must serve a mandatory seven-year prison term. However, this court has previously rejected the argument that a trial court abuses its discretion by

---

[1] R.C. 2923.32 prohibits one from engaging in a pattern of corrupt activity. R.C. 2923.32(B)(2)(c) allows the court to require the defendant to repay reasonably incurred costs of investigation and prosecution in addition to other financial sanctions. R.C. 2923.31(B) defines "costs of investigation and prosecution" and "costs of investigation and litigation" as "all of the costs incurred by the state or a county or municipal corporation under sections 2923.31 to 2923.36 of the Revised Code in the prosecution and investigation of any criminal action or in the litigation and investigation of any civil action, and includes, but is not limited to, the costs of resources and personnel."

imposing court costs when an indigent defendant must also serve a prison term. *See, e.g.*, *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 11-13. Therefore, we cannot say that the trial court abused its discretion by requiring Donaldson to pay court costs simply because he must also serve a seven-year prison term.

{¶ 11} The sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR