[Cite as *State v. Vitumukiza*, 2022-Ohio-1170.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110633 |
| v. | : | |
| DAVID VITUMUKIZA, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** April 7, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-651784-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Mussman, Assistant Prosecuting Attorney, *for appellee*.

Patituce & Associates, LLC, and Catherine Meehan, *for appellant*.

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant, David Vitumukiza ("Vitumukiza") appeals his guilty plea and sentence. We affirm the trial court's judgment and remand the case

to the trial court for the sole purpose of issuing a nunc pro tunc entry incorporating its findings for consecutive sentences.

## I.    Facts and History

{¶ 2}   On July 4, 2020, a 24-count indictment was issued against Vitumukiza, his wife, and his friend for engaging in sexual conduct with an unconscious female victim. The graphic encounter was videorecorded, photographed, and shared on multiple social media platforms and with coworkers and family members who shared them with the victim.

{¶ 3}   Twenty-four-year-old Vitumukiza, who moved to the United States after completing the sixth grade in Uganda, utilized a Swahili interpreter for the criminal proceedings.   On March 30, 2021, pursuant to a plea agreement Vitumukiza entered a guilty plea to

Rape in violation of R.C. 2907.02(A)(1)(c), a felony of the first degree;

Gross Sexual Imposition, R.C. 2907.05(A)(5), a felony of the fourth degree;

Pandering Obscenity, R.C. 2907.32(A)(1), a felony of the fifth degree;

Felonious Assault with a sexual motivation specification, R.C. 2903.11(A)(1), R.C. 2941.147, a felony of the second degree;

Kidnapping, R.C. 2905.01(A)(4), a felony of the first degree; and

Tampering with Evidence, R.C. 2921.12(A)(1), a felony of the third degree.

The plea agreement included a no-contact order and provided that the offenses were not allied offenses of similar import that allowed the trial court to impose

consecutive sentences at its discretion. The agreement also included a Tier III sexual offender classification and immigration notification.

{¶ 4} On June 30, 2021, Vitumukiza was sentenced to

Rape, 10 years minimum term, 15 years maximum term;

Gross Sexual Imposition, 18 months;

Pandering Obscenity, 12 months;

Felonious Assault with a sexual motivation specification, 8 years;

Kidnapping, 8 years; and

Tampering with Evidence, 36 months.

{¶ 5} The trial court ordered that the sentences for rape and felonious assault run consecutive to the remaining counts that run concurrent for an aggregate sentence of 18 years. Vitumukiza was also informed of sexual offender classification, postrelease control, fines, and costs.

## II. Assignments of Error

{¶ 6} Vitumukiza assigns three errors:

I. The trial court failed to substantially comply with Criminal Rule 11 by failing to advise appellant on the effect of a guilty plea prior to accepting the plea.

II. The trial court erred in imposing consecutive sentences.

III. The trial court erred in imposing an indefinite term as the Reagan Tokes law violates appellant's constitutional right to Due Process under the Fourteenth Amendment to the United States Constitution and Article I, Section Ten of the Ohio Constitution.

## III. Discussion

### A. Crim.R. 11

{¶ 7} In the first assigned error, Vitumukiza argues that the trial court failed to substantially comply with Crim.R. 11. Thus, Vitumukiza's plea was not entered knowingly, intelligently, and voluntarily.

{¶ 8} Our standard of review is de novo for compliance with the requirements set forth in Crim.R. 11(C). *State v. Roberts*, 8th Dist. Cuyahoga No. 89453, 2010-Ohio-3302, ¶ 19, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). "It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." *Id.* "[A] trial court must determine whether the defendant fully comprehends the consequences of the [defendant's] guilty plea" to comply with Crim.R. 11(C)(2). *State v. Gatson*, 8th Dist. Cuyahoga No. 94668, 2011-Ohio-460, ¶ 5.

{¶ 9} Thus, "'[a]dherence to the provisions of Crim.R. 11(C)(2) requires an oral dialogue between the trial court and the defendant that enables the court to determine fully the defendant's understanding of the consequences of his plea.'" *Id.*, quoting S*tate v. Caudill*, 48 Ohio St.2d 342, 358 N.E.2d 601 (1976), paragraph two of the syllabus.

{¶ 10} A challenge based on constitutional rights requires that the trial court demonstrate strict compliance with Crim.R. 11. Nonconstitutional issues require that the trial court substantially complied with the rule. *State v. Nero*, 56 Ohio St.3d

106, 108, 564 N.E.2d 474 (1990), citing *Stewart*. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* at 108.

{¶ 11} Also,

> [i]n addition to showing noncompliance, "a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the plea colloquy are at issue." *State v. Owens*, 8th Dist. Cuyahoga Nos. 100398 and 100399, 2014-Ohio-2275, ¶ 12, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

*State v. Moore*, 8th Dist. Cuyahoga No. 105240, 2017-Ohio-8483, ¶ 17. "To establish prejudice, a defendant must show that, had the trial court substantially complied with Crim.R. 11(C)'s requirements, he would not have entered into the plea." *Id.* at ¶ 17, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32, citing *Nero*.

{¶ 12} Specifically, Vitumukiza argues that the trial court failed to explain the effect of entering a guilty plea. Vitumukiza offers that the language difference posed an impediment to comprehension and that he has had no experience with the criminal justice system. Vitumukiza also argues that the presentence-investigation report substantiates his argument because he denied raping the victim.[1] Thus,

---

[1] According to the record, Vitumukiza stated that he did not have sex with the victim. Rape under R.C. 2907.02(A)(1)(c) involves sexual conduct with an individual who is substantially impaired and unable to resist. Sexual conduct "means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).

Vitumukiza asserts that he suffered prejudice when he received 10-to-15-year sentence for rape.

{¶ 13} Vitumukiza's counsel stated on the record that the case had been fully pre-tried and discovery conducted. Also, "I have discussed with him all of the potential penalties of the cases that he has. I have advised him of the registration requirements, and the possibilities of the immigration issues with deportation." (Tr. 9-10.)

> Vitumukiza responded "yes", he understood the deportation and naturalization impact. (Tr. 14.) Though the interpreter responded on Vitumukiza's behalf to most questions, when the trial court asked whether he was on probation, parole, or post-release control? It appears from the record that Vitumukiza responded directly, "What's probation? I don't understand probation. I don't. I'm good."

(Tr. 14.)

{¶ 14} The trial court also explained:

Court:    Okay. You have the following rights which you are giving up.

You have the right to a jury trial. At your jury trial, you have the right to confront and cross-examine the State's witnesses against you. And you do that through your lawyer.

You have the right to use this Court's compulsory process power to bring into court your own witnesses and have them testify on your behalf.

You do not have to take the witness stand at your trial. If you exercise your right to remain silent, it cannot be used against you.

And lastly, the State has the burden of proof at trial. The State must prove the charges against you to the legal standard of beyond a reasonable doubt.

Do you understand those rights?

Vitumukiza (Interpreter):    Yes.

Tr. 15-16.    Vitumukiza also stated he understood that none of the offenses were allied offenses pursuant to the plea agreement.

{¶ 15}    Pertinent to the rape charge:

Court:    Okay. Count 1 is a count of rape. It's a first-degree felony. First degree felonies are punishable by a prison term between three and eleven years, and fines of up to $20,000.

Do you understand those penalties?

Vitumukiza (Interpreter):    Yes.

(Tr. 16.)

{¶ 16}    Next the court explained the Reagan Tokes Law impact:

Court:    Okay. To further complicate things, the Court will pick one of these counts, either rape or kidnapping, and there will be a minimum and a maximum term that will apply.

The minimum term will be the three to eleven year range, and the maximum term will be 150 percent of the minimum term. The Ohio Department of Rehabilitation and Corrections will determine whether to impose the maximum term based upon your behavior while in prison.

For example, if I impose the minimum term of ten years, the maximum term will be fifteen years. Do you understand that?

Vitumukiza (Interpreter):    So, if you say ten years it will be fifteen years?

Court:    Maybe. The decision to go above the maximum term is entirely up to the Ohio Department of Rehabilitation and Corrections and will be  based upon your behavior while incarcerated.

It is also possible that they will reduce your sentence by up to fifteen percent if you have good behavior. Do you understand that?

Vitumukiza (Interpreter): Yes.

(Tr. 19-20.)

{¶ 17} After advising Vitumukiza of postrelease control and the Tier III sexual offender classification reporting requirements,[2] the trial court inquired, "Lastly, do you understand that the Court is not promising you any particular sentence in exchange for your entering into this plea agreement. Do you understand that." Vitumukiza responded affirmatively. (Tr. 22.)

{¶ 18} To the question of how Vitumukiza wished to plead to the rape count, Vitumukiza responded through the interpreter, "Yes, I'm guilty." (Tr. 23.) Defense counsel stated the defense was satisfied that the trial court complied with Crim.R. 11.

{¶ 19} Based on our review of the entire record, we do not find that Vitumukiza's plea was not knowingly, intelligently, and voluntarily made. The record does not support that Vitumukiza did not understand the effect of his guilty plea. Vitumukiza's counsel testified that the terms of the plea agreement were fully explained to Vitumukiza and confirmed on the record that the trial court fully complied with Crim.R. 11.

{¶ 20} The first assignment of error is overruled.

---

[2] Vitumukiza asked the trial court for clarification regarding the sex offender reporting requirement every 90 days for the rest of his life. At the conclusion of the exchange, Vitumukiza indicated that he understood.

### B. Consecutive Sentences

{¶ 21} "An appellate court must conduct a meaningful review of the trial court's sentencing decision." *State v. McHugh*, 8th Dist. Cuyahoga No. 108372, 2020-Ohio-1024, ¶ 11.

> R.C. 2953.08(G)(2) provides that appellate courts "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the reviewing court "clearly and convincingly" finds that (a) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (b) "the sentence is otherwise contrary to law."

*State v. Williams*, 8th Dist. Cuyahoga No. 108904, 2020-Ohio-1622, ¶ 17.

{¶ 22} Vitumukiza argues that his sentence is contrary to law due to the trial court's failure to make the necessary findings under R.C. 2929.14. R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 23} "'In Ohio, sentences are presumed to run concurrent to one another unless the trial court makes the required findings under R.C. 2929.14(C)(4).'" *Williams* at ¶ 39, quoting *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 28. "The failure to make the above findings renders the imposition of consecutive sentences contrary to law." *Id*. at ¶ 40, citing *Gohagan* at ¶ 29. R.C. 2929.14(C)(4). However, the trial court does not need to state the statutory requirements verbatim. *See Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶ 24} Vitumukiza offers that the trial court failed to make all of the requisite findings. A review of the record shows the victim testified to the effect the incident has had on her life and her family's lives and that Vitumukiza and his codefendants offered to pay the victim and family to avoid the court proceedings and also threatened them. The victim stated she moved away from family, friends, and her therapist due to fear. Vitumukiza chose not to address the trial court at sentencing. The trial court construed the refusal as a lack of apology.

{¶ 25} The trial court also stated for the record the description of the video contents contained in the presentence report that included Vitumukiza's hand

touching the victim's vagina. Vitumukiza said he disposed of the mattress where the encounter took place three days after the incident.

{¶ 26} The trial court was incensed:

This is about as ugly a case that I could remember handling in the 23 years in this seat. You took advantage of a defenseless neighbor. She was drugged to the point of unconsciousness.

And then you, your wife, and your friend raped her. But you didn't stop there. The three of you disseminated her photos to her mother, to her employer, and to everyone else with access to social media.

Not only is this despicable, once you filmed it and disseminated it, but it's just incredibly stupid. Congratulations on convicting yourself of this crime.

(Tr. 39-40.)

{¶ 27} The trial court continued:

I find consecutive sentences are necessary to punish this type of behavior, and are not disproportionate to the harm and damage and horror inflicted upon this poor woman. This harm was so great or unusual that a single term does not adequately reflect the seriousness of your conduct.

Involving your wife of a rape of a downstairs neighbor, using drugs to incapacitate her, filming it and sending it, disseminating it across the Internet, and aiming it particularly to those closer to her family and work associates is despicable behavior where a ten- or eleven-year term would not adequately address.

(Tr. 40-41.)

{¶ 28} We recognize that the parties expressly agreed there would be no merger of allied offenses and that the imposition of consecutive sentences was within the trial court's discretion. However, that agreement does not waive the necessity of statutory compliance.

{¶ 29} A trial court is not required "to give a talismanic incantation of words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, at ¶ 37. We find that the record clearly and convincingly contains evidence sufficient to support the trial court's consecutive sentence findings. *Bonnell* at ¶ 29.

{¶ 30} Vitumukiza argues and the state concedes that the trial court failed to incorporate the R.C. 2929.14(C)(4) findings into the sentencing entry. Therefore, we remand the matter for the sole purpose of the trial court issuing a nunc pro tunc entry incorporating its findings for consecutive sentences. *Bonnell* at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15.

{¶ 31} The second assignment of error is overruled.

**C. Reagan Tokes Law**

{¶ 32} Vitumukiza's final argument is that the imposition of the sentence under the Reagan Tokes Law violates the constitutional right to due process under the Fourteenth Amendment to the United States Constitution and Article I, Section Ten of the Ohio Constitution.

{¶ 33} Since the filing of the state's appeal, this court has issued the en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Based on the authority established by the en banc holding, the challenges advanced by the state in support of the constitutional validity of the Reagan Tokes Law have been sustained. *See id.* at ¶ 17-54.

## IV. Conclusion

{¶ 34} The trial court's judgment is affirmed. The case is remanded for the sole purpose of issuing a nunc pro tunc entry incorporating its findings for consecutive sentences.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
EMANUELLA D. GROVES, J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, see *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.