[Cite as *State v. Mitchell*, 2023-Ohio-1034.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                   :

    Plaintiff-Appellee,                      :

                                    No. 111558

    v.                                               :

ANDRE MITCHELL, SR.,                             :

    Defendant-Appellant.                     :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:**  March 30, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-640974-A, CR-19-642469-A, CR-21-660484-A,
CR-21-661502-A, CR-22-666926-A, and CR-22-667411-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and
Michael Timms, Assisting Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis
Cavallo, Assistant Public Defender, *for appellant.*

EMANUELLA D. GROVES, J.:

**{¶ 1}**     Defendant-appellant, Andre Mitchell Sr. ("Mitchell"), appeals his
54-month prison sentence following felony convictions in six cases.  For the
reasons that follow, we affirm the trial court's judgment and remand the case to

the trial court for the sole purpose of issuing a nunc pro tunc entry incorporating its findings for a consecutive sentence.

**Procedural and Factual History**

{¶ 2} On March 14, 2019, Mitchell's girlfriend ("J.R.") called 911. She reported to responding officers that Mitchell grabbed her by the hair, pulled her into his car, and put a firearm in her mouth. On May 20, 2019, a temporary protection order was granted, naming J.R. as a protected person. Mitchell was ordered to have no contact with J.R. ("Case 1"). Then on June 9, 2019, while on bond, Mitchell was stopped while operating a motor vehicle in the city of Solon. Although the protection order was still active, J.R. was the passenger of the motor vehicle. Mitchell was arrested and an inventory search of the vehicle uncovered a loaded and operable firearm in the vehicle's glove compartment ("Case 2").

{¶ 3} On July 24, 2019, while Mitchell had an active capias in Case 1, for failing to appear, he was arrested in possession of a stolen vehicle and stolen plates ("Case 3").

{¶ 4} On January 15, 2020, in Case 1, the felonious assault, abduction, and domestic violence charges were dismissed after J.R. recanted her statement. Mitchell pled guilty in Case 3 to two counts of receiving stolen property, fourth- and fifth-degree felonies, and one count of carrying concealed weapons, a first-degree misdemeanor, with a forfeiture of the weapon; and lastly, in Case 2, to one count of violation of a protection order, a first-degree misdemeanor. The trial court ordered a PSI, and Mitchell was sentenced on February 13, 2020.

**{¶ 5}** The trial court imposed two years of community-control supervision on each of the two counts of receiving stolen property, Case 3. The trial court then imposed 180 days in a local jail for the domestic violence and violation of a protection order offenses, both first-degree misdemeanors, Case 2. The trial court then suspended the jail time and ordered Mitchell to complete two years of probation on each count, supervised by the domestic violence unit. Mitchell was further ordered to have no contact with victims, including J.R.

**{¶ 6}** On June 17, 2020, while under community-control supervision in Cases 2 and 3, Mitchell got into an argument with parties in another vehicle at a gas station. The individuals in the other vehicle shot at Mitchell, and he fired back. Mitchell was charged with discharging a firearm on or near prohibited premises, a second-degree felony, and having weapons while under disability, a third-degree felony ("Case 4").

**{¶ 7}** On May 16, 2021, Mitchell allegedly smacked a drink out of J.R.'s hand, then shot in the air and at her. He was charged with felonious assault of J.R., with one- and three-year firearm specifications, domestic violence, a fourth-degree felony, and child endangering, a first-degree misdemeanor ("Case 5").

**{¶ 8}** Less than a month later, Maple Heights Police found Mitchell sleeping and under the influence of alcohol in his car with a firearm in his pant leg, a rifle in his trunk, and suboxone pills in the car. Mitchell was charged with having

weapons while under disability, a third-degree felony, and carrying a concealed weapon, a fourth-degree felony ("Case 6").

{¶ 9} Finally, Mitchell had PCP mailed to him in the county jail while he was awaiting trial on the preceding three cases. He was charged with one count of drug possession, a fifth-degree felony ("Case 7"). Mitchell eventually entered into the following plea agreement:

> In Case 4, he pled guilty to having weapons while under disability, a third- degree felony.
>
> In Case 5, Mitchell pled guilty to domestic violence, a fourth-degree felony.
>
> In Case 6, Mitchell pled guilty to having weapons while under disability, a third-degree felony, and drug possession a first-degree misdemeanor; and
>
> Case 7, Mitchell pled guilty to one count of drug possession, a fifth-degree felony.

The trial court ordered a presentence investigation ("PSI") and set the matter for sentencing.

{¶ 10} On May 4, 2022, Mitchell appeared for sentencing with new counsel. The trial court stated that it had reviewed the PSI and heard from the parties. The trial court then sentenced Mitchell to maximum prison terms in three cases. Mitchell was sentenced to 36 months for having weapons while under disability, a third-degree felony, Case 4; 18 months for domestic violence, a fourth-degree felony, Case 5; and 12 months for drug possession, a fifth-degree felony, Case 7.

{¶ 11} The trial court imposed an 18-month prison sentence in Case 6 for having weapons while under disability, a third-degree felony, to be served consecutively to Mitchell's other sentences.

{¶ 12} The trial court also terminated community-control supervision and imposed a prison sentence of 18 months in Case 2, and a local jail term of 180 days in Case 3, to run concurrently with Mitchell's four other cases. The aggregate prison sentence was a definite term of 54 months.

{¶ 13} Mitchell now appeals and assigns the following error for our review:

## Assignment of Error

The trial court erred when it imposed the maximum sentence without support in the record for the requisite statutory findings under R.C. 2929.11, 2929.12, and 2929.14.

## Standard of Review

{¶ 14} R.C. 2953.08(G)(2) provides for appellate review of sentences and describes two situations where an appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section, or may vacate the sentence and remand the matter to the trial court for resentencing. R.C. 2953.08(G)(2) requires appellate courts to apply the clear-and-convincing standard on review of a consecutive sentence. *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, ¶ 20. The evidentiary standard is that "the appellate court, upon a de novo review of the record and the findings, has a 'firm belief' or 'conviction' that the findings — the criteria mandated by the legislature to be met

before the exception to concurrent sentences can apply — are not supported by the evidence in the record." *Id.* at ¶ 23.

## Law and Analysis

**{¶ 15}** For ease of analysis, we will address Mitchell's assignment of error under R.C. 2929.14 first, then review proposed errors related to R.C. 2929.11 and 2929.12 together.

## R.C. 2929.14

**{¶ 16}** Under R.C. 2929.14(C)(4), the trial court may not impose consecutive sentences unless it finds consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and at least one of the following three factors:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 17} Here, Mitchell was sentenced to an 18-month prison sentence in Case 6, for one count of having weapons while under disability, a felony of the third- degree. The trial court imposed the sentence consecutively to his other felony offenses. Mitchell argues that the reviewing court can clearly and convincingly find that the record does not support the sentencing court's findings under R.C. 2929.14. We disagree.

{¶ 18} The Ohio Supreme Court recently clarified the process an appellate court must follow when reviewing a consecutive sentence pursuant to R.C. 2953.08(G)(2)(a). The holdings in *Gwynne* clarify how consecutive sentences are to be imposed and reviewed and are in accord with the legislature's intentions. *State v. Gwynne*, 2022-Ohio-4607, ¶ 24.

{¶ 19} The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or
>
> (b) That the sentence is otherwise contrary to law.

{¶ 20} When reviewing the record under the clear-and-convincing standard, the first core requirement is that there be some evidentiary support in the record for the consecutive-sentence findings that the trial court made. *Id.* at ¶ 28. If after reviewing the applicable aspects of the record and what, if any,

evidence it contains, the appellate court finds that there is no evidence in the record to support the consecutive-sentence findings, then the appellate court must reverse the order of consecutive sentences. A record that is devoid of evidence simply cannot support the findings required by R.C. 2929.14(C)(4); there must be an evidentiary basis on which these findings rest. *Id.* Although Mitchell argues that the record does not support the requisite findings under R.C. 2929.14, a thorough review of the record reflects otherwise. In the instant case, the trial court made the following findings on the record:

> The court is finding consecutive sentences is necessary to protect the community. It's not disproportionate to what's occurred in these cases. Also, these occurred while he was on community control sanctions. The harm was so great or unusual, a single term does not adequately reflect the seriousness, and his criminal history shows that consecutive terms are needed to protect the public.

**{¶ 21}** Clearly, the court set forth its findings for consecutive sentences by noting that Mitchell committed additional offenses while on community control and his criminal record. We find that the trial court made the requisite findings under R.C. 2929.14(C)(4) for consecutive sentences; however, it failed to incorporate the findings in the sentencing entry. Under R.C. 2929.14(C)(4), the trial court must make each finding required under R.C. 2929.14(C)(4) at the sentencing hearing and then incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

{¶ 22} A trial court "has no obligation to state reasons to support its findings," but the necessary findings "must be found in the record and incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**Findings Must be Incorporated into the Journal Entry**

{¶ 23} Where the trial court has failed to incorporate the R.C. 2929.14(C)(4) findings into the sentencing entry the matter must be remanded for the sole purpose of the trial court issuing a nunc pro tunc entry incorporating its findings for consecutive sentences. *Bonnell* at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15. *State v. Vitumukiza*, 8th Dist. Cuyahoga No. 110633, 2022-Ohio-1170, ¶ 30, and "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* at ¶ 15. Here, the trial court made the requisite statutory findings during the sentencing hearing and its inadvertent failure to include those findings in the sentencing entry can be cured on remand. We find evidentiary support in the record to support the trial court's imposition of a consecutive sentence in Case 6.

**Consideration of Consecutive and Aggregate Sentences**

{¶ 24} The second requirement under R.C. 2953.08(G)(2)(a) is that whatever evidentiary basis there is, it be adequate to fully support the trial court's

consecutive-sentence findings. This requires the appellate court to focus on both the quantity and quality of the evidence in the record that either supports or contradicts the consecutive sentence findings. *Id*. at ¶ 29.

> "[A] de novo standard of review applies to whether the evidence in the record supports the findings that were made. Under this standard, the appellate court is, in fact, authorized to substitute its judgment for the trial court's judgment if the appellate court has a firm conviction or belief, after reviewing the entire record, that the evidence does not support the specific findings made by the trial court to impose consecutive sentences, that includes the number of consecutive terms and the aggregate sentence that results."

*Id*. at ¶ 12.

**{¶ 25}** We must therefore address whether the trial court considered the number of consecutive sentences it imposed with the aggregate prison sentence of 54 months. "[W]hen a sentencing court makes the statutory findings under R.C. 2929.14(C)(4) for consecutive sentences, it must consider the number of sentences that it will impose consecutively along with the defendant's aggregate sentence that will result." *State v. Jones*, 8th Dist. Cuyahoga No. 110742, 2023-Ohio-380, ¶ 192. "Similarly, we interpret R.C. 2929.14(C)(4)(c) to require a trial court to consider the number of consecutive sentences that it will impose on a defendant with the aggregate prison term. A trial court cannot make this necessity finding without considering the overall prison term that it will be imposing." *State v. Gwynne*, 2022-Ohio-4607, ¶ 15.

**{¶ 26}** In the case at hand, the trial court identified on the record several reasons in support of its findings at the sentencing hearing. Mitchell faced an

aggregate sentence of 84 months if the trial court had run all of Mitchell's sentences consecutively. The court commented on Mitchell's lack of amenability to community-control supervision; a high chance of malingering his mental health symptoms; a criminal history replete with many violent allegations and arrests; aggravated burglaries; attempted murder that was pled down; burglaries; domestic violence; several felonious assaults; firearm specification allegations and, that offenses in four of the six cases that Mitchell was sentenced occurred while he was on community-control supervision in two older cases. The court stated:

> So that's 36 months plus 18 months consecutive, so that's four-and-a-half years. I'm granting 477 days jail time credit, so that reduces your sentence considerably. I'll also note that your criminal history is replete with many violent allegations and arrests, aggravated burglaries, attempted murder that was pled down to vandalism with an F5, burglaries, domestic violence, several, felonious assaults, and firearm specifications.

**{¶ 27}** The necessary statutory findings are found in the record to support Mitchell's 18-month consecutive sentence. Further, the quality and quantity of evidence in the record support the trial court's findings to impose one 18-month prison sentence consecutive to Mitchell's 36-month concurrent sentences for an aggregate sentence of 54 months. We cannot say that there is clear and convincing evidence that the record does not support the specific findings made by the trial court to impose one consecutive sentence, under R.C. 2929.14(C)(4). The failure to incorporate findings made on the record to the sentencing entry does not render the consecutive sentence contrary to law.

**R.C. 2929.11 and 2929.12**

{¶ 28} Mitchell also challenges his sentencing subject to R.C. 2929.11 and 2929.12. Again, this court must turn to R.C. 2953.08(G)(2)(b), that is the mechanism that allows a reviewing court to increase, reduce, or otherwise modify or vacate a sentence and remand the matter back to a trial court if it finds that a sentence is contrary to law. *State v. Branch*, 8th Dist. Cuyahoga No. 110050, 2022-Ohio-132, ¶ 2. In each of Mitchell's remaining felony offenses, the trial court imposed a maximum prison sentence. Mitchell argues that the trial court erred when it failed to consider mitigating circumstances under R.C. 2929.11 and 2929.12 and that there is clear and convincing evidence that the findings were not supported by the record.

{¶ 29} Under R.C. 2953.08(G)(2)(b), a sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or is otherwise contrary to law or, (2) the trial court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11, and the sentencing factors set forth in R.C. 2929.12. *Id*. at ¶ 3.

{¶ 30} The court imposed a maximum 36-month prison sentence for a third-degree felony; an 18-month prison sentence for each of Mitchell's two fourth-degree felony offenses, and a 12-month prison sentence for a fifth-degree felony. The trial court ordered the sentences to be served concurrently and each sentence fell within the statutory range.

{¶ 31} Mitchell does not argue that his maximum sentences fell outside of the statutory range, nor does he claim the trial court considered factors extraneous

to R.C. 2929.11 and 2929.12. Accordingly, the first situation that would allow a modification under R.C. 2953.08(G)(2)(b) is inapplicable. We can only find Mitchell's sentences contrary to law if the sentencing court failed to consider R.C. 2929.11 and 2929.12 when it imposed Mitchell's sentences.

{¶ 32} The alternative situation under R.C. 2953.08(G)(2)(b) where an appellate court can intervene in a felony sentencing is when the trial court has failed to be "guided by the overriding purposes of felony sentencing," i.e., (1) "to protect the public from future crime by the offender and others," (2) "to punish the offender," and (3) "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines to accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Id.* at ¶ 17, quoting R.C. 2929.11. Additionally, R.C. 2929.11(B) states:

> A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 33} Neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, *State v. Arnett*, 88 Ohio St.3d 208, 724 N.E.2d 793 (2000). *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 8. In the present case, the trial court stated:

I have considered the principles and purposes of felony sentencing, [and] all the appropriate recidivism and seriousness factors.

You're not amenable to community control sanctions on these cases. I note in the PSI as well that there's an indication that you are part of the Heartless Felons. With respect to your mental health issues, I agree there [are] some drug and alcohol [issues] for sure. I've read the prior competency evaluation, it also indicated a lower IQ, however, a high chance of malingering your symptoms as well.

**{¶ 34}** In addition to the statements made during the sentencing hearing, the trial court incorporated the following language in each of Mitchell's sentencing entries:

The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R. C. 2929.11.

**{¶ 35}** It is well settled that a trial court's statement in its sentencing journal entry that it considered the required statutory factors is enough to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72, *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, *State v. Pierce*, 8th Dist. Cuyahoga No. 111605, 2023-Ohio-528, ¶ 41.

**{¶ 36}** Mitchell's argument that the trial court failed to consider substantial mitigating factors when it imposed maximum sentences is simply not supported by the record. Although not required, the trial court made specific findings on the record in consideration of Mitchell's mitigating evidence.

**{¶ 37}** Accordingly, the trial court's sentence is not contrary to law.

**{¶ 38}** Judgment is affirmed. Case remanded for the trial court to issue a corrected sentencing entry, nunc pro tunc, to accurately reflect its findings on each case number consistent with what occurred during the sentencing hearing.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

ANITA LASTER MAYS, A.J., and
LISA B. FORBES, J., CONCUR